UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RINDA TUCKER, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>LANTMANNEN UNIBAKE USA, INC., )<br>)<br>        Defendant. ) | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Lantmannen Unibake USA, Inc. ("Defendant") hereby notices the removal of this action from the Superior Court of the State of Maine for York County (the "State Court") to the United States District Court for the District of Maine. In support of this Notice of Removal, Defendant states as follows:

### STATE COURT ACTION

On or about January 15, 2021, Rinda Tucker ("Plaintiff") commenced an action in the State Court, captioned <u>Rinda Tucker vs. Lantmannen Unibake USA, Inc.</u>, Civil Action No. ALFSC-CV-2021-11 (the "State Court Action"). The State Court Action is now pending in that court.

On or about March 4, 2021, Plaintiff served Defendant's with the Complaint in the State Court Action. On or about March 10, 2021 Defendant's counsel executed the Acknowledgment of Receipt of Summons and Complaint. Attached as **Exhibit A** is a copy of the Complaint, Summons, Acknowledgment of Receipt of Summons and Complaint and Civil Summary Sheet in the State Court Action. The document attached as **Exhibit A** constitutes "all process,

pleadings, and orders" in the State Court Action, pursuant to 28 U.S.C. § 1446(a). A certified copy of the State Court record has been requested and will be filed with this Court upon receipt.

## TIMELINESS OF REMOVAL

This Notice of Removal is timely filed within thirty (30) days after Defendant was served with the Complaint in the State Court Action, as required by 28 U.S.C. § 1446(b)(1). See 28 U.S.C. § 1446(b); Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Boyd v. Phoenix Funding Corp., 366 F.3d 524, 529-530 (7th Cir. 2004).

This Notice of Removal is also filed within one year of the commencement of the State Court Action and is therefore timely under 28 U.S.C. § 1446(c)(1).

## GROUNDS FOR NOTICE OF REMOVAL

Removal is proper based on this Court's original diversity jurisdiction pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332(1) provides, in relevant part, that:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

This action is a civil action over which the Court has original jurisdiction based on diversity of citizenship because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

I.   Diversity of Citizenship

According to the Complaint, Plaintiff is a citizen of the State of Maine. See **Exhibit A**, Complaint at ¶ 1.

For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court, "the phrase 'principal place of

business' [in Section 1332(c)(1)] refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." Hertz Corp, v. Friend, 559 U.S. 77, 80-81 (2010) (citations omitted).

Defendant is incorporated under the laws of the State of Illinois. Defendant's corporate headquarters are located in Lisle, Illinois. Thus, Defendant's principal place of business is in the State of Illinois. Accordingly, Defendant is a citizen of the State of Illinois for purposes of determining diversity of citizenship, and the parties are completely diverse. Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed and continues to exist at the time this Notice of Removal is being filed.

B.   Amount in Controversy

Although Plaintiff's Complaint does not specify the precise amount of damages sought, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. "In assessing the amount in controversy, the Court considers the litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of Plaintiff's complaint." Finley v. George Weston Bakeries Distribution, Inc., 473 F. Supp. 2d 105, 106 (D. Me. 2007). In her Complaint, Plaintiff is seeking damages for general and non-economic damages, economic damages, lost wages, punitive damages, injunctive relief, prejudgment and post judgment interest. See **Exhibit A**, Complaint. Plaintiff also seeks statutory attorneys' fees, costs, and expenses under 26 M.R.S. §§ 631 & 848, which the Court may properly consider in estimating whether the amount in controversy on her claim will be over the jurisdictional threshold, should she ultimately prevail. See **Exhibit A**, Complaint; Spielman v.

Genzyme Corp., 251 F.3d 1, 6 (1st Cir. 2001) (attorneys' fees may be included in the amount in controversy determination where, as here, "a statute mandates or allows payment of the fees"). As a result, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction over the pending action pursuant to 28 U.S.C. § 1332(a).

## VENUE

The United States District Court for the District of Maine is the District Court of the United States within which the State Court Action is currently pending, and therefore venue is proper under 28 U.S.C. §§ 1441(a) & 1446(a).

## NOTICE TO ADVERSE PARTIES AND STATE COURT

Pursuant to 28 U.S.C. § 1446(d), Defendant is submitting a copy of this Notice of Removal for filing with the Clerk of the Superior Court of the State of Maine for York County.

Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendant gave written notice thereof to Plaintiff's counsel, Guy D. Loranger, Esq., of 1 Granny Smith Court, Suite 3, Old Orchard Beach, ME 04064.

## RESERVATION OF RIGHTS

By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an

opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

Defendant requests that the United States District Court for the District of Maine assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this action proceed as an action properly removed from the Superior Court of the State of Maine for York County, to the United States District Court for the District of Maine.


Dated:  March 29, 2021                              Respectfully submitted,


                                                    */s/ David Strock*
                                                    David Strock (Bar No. 008846)
                                                    LITTLER MENDELSON, P.C.
                                                    One Monument Square, Suite 600
                                                    Portland, ME 04101
                                                    Phone:  207.774.6001
                                                    DStrock@littler.com

                                                    *Attorney for Defendant*
                                                    *Lantmannen Unibake USA, Inc.*

## CERTIFICATE OF SERVICE

I, David Strock, hereby certify that I electronically filed the foregoing document using the CM/ECF system on the date noted below, which will send notification of such filing to the following:

Guy D. Loranger, Esquire
1 Granny Smith Court, Suite 3
Old Orchard Beach, ME 04064
207-937-3257
guy@lorangerlaw.com

Dated:  March 29, 2021

*/s/ David Strock*
David Strock (Bar No. 008846)
LITTLER MENDELSON, P.C.
One Monument Square, Suite 600
Portland, ME 04101
Phone:  207.774.6001
DStrock@littler.com

*Attorney for Defendant*
*Lantmannen Unibake USA, Inc.*