UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RINDA TUCKER,           )<br>                               )<br>       Plaintiff         )<br>                               )<br>v.                             )<br>                               )<br>LANTMÄNNEN UNIBAKE )<br>USA, INC.,                )<br>                               )<br>       Defendant       ) | No. 2:21-cv-00087-JAW |

**MEMORANDUM DECISION AND ORDER ON MOTION TO AMEND**

Lantmännen Unibake USA, Inc., seeks leave to amend its answer to Rinda Tucker's complaint to assert an affirmative defense based on statutory damages caps. *See* Motion for Leave to File an Amended Answer ("Motion") (ECF No. 30). For the reasons that follow, I grant the motion.

**I. Background**

Tucker filed her complaint in state court in January 2021 asserting claims against Lantmännen for age and gender discrimination under the Maine Human Rights Act (MHRA) as well as for negligent misrepresentation and breach of contract. *See* ECF No. 1-1. Lantmännen removed the matter to this Court in March 2021. *See* Notice of Removal (ECF No. 1). After Lantmännen filed its answer, the Court issued a scheduling order in April 2021 setting June 22, 2021, as the deadline for amendment of pleadings. *See* Scheduling Order (ECF No. 7) at 2. The Court subsequently extended certain pretrial deadlines several times but did not extend the deadline for amendment. *See* ECF Nos. 13, 16, 20, 26, 29. Lantmännen filed the

1

instant motion on May 4, 2022, more than ten months after the deadline for doing so. *See* Motion at 1.

## II.  Legal Standard

"A motion to amend . . . will be treated differently depending on its timing and the context in which it is filed." *See Steir v. Girls Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004).  In some circumstances, a party may amend its pleading as a matter of course; otherwise, as here, a party may amend its pleading only with the consent of the opposing party or leave of court.  *See* Fed. R. Civ. P. 15(a)(1)-(2).

When such leave is sought before the deadline for amendment of pleadings, it should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Once a scheduling order is established and the cut-off date for amendments has passed, however, Federal Rule of Civil Procedure "16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard." *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015).  The good cause "standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir*, 383 F.3d at 12.  The longer a party delays, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id*.

## III.  Discussion

Lantmännen bases its motion on the Court's recent decision in *Bell v. O'Reilly Auto Enterprises, LLC*, No. 1:16-cv-00501-JDL, 2022 WL 782784 (D. Me.

2

Mar. 15, 2022). *See* Motion at 3-4. It contends that *Bell* was a novel and significant decision holding that "statutorily mandated caps on . . . damages are now treated as waived . . . in this Court unless a defendant asserts an applicable affirmative defense in its" answer. *Id.* at 4. Based on this purported "new treatment of statutory damages caps as waivable," Lantmännen seeks leave to add the following language to its answer to preserve its ability to invoke the MHRA damages cap: "Plaintiff's damages, if any, are limited by the statutory caps applicable to Plaintiff's claims pursuant to state and federal law." *Id.*

Tucker opposes the amendment Lantmännen seeks to make. *See* Response in Opposition (ECF No. 31). She argues that *Bell* "is not new law" and therefore does not establish good cause for the late amendment. *Id.* at 2. She also suggests that she will be prejudiced by the need for additional discovery to determine the applicable cap based on the number of people employed by Lantmännen, particularly where discovery is set to close shortly on May 31, 2022. *See id.* at 2-3.

In its reply, Lantmännen rejoins that no additional discovery is needed because it does not dispute that it would be subject to the highest MHRA cap based on its number of employees. *See* Reply in Support of Motion (ECF No. 32).

I remain doubtful that *Bell*—which is based on "long-standing First Circuit" caselaw from as far back as 1975—announced a new standard for statutory damages caps. *Bell*, 2022 WL 782784, at *1; *see also O'Brien v. Mac's Convenience Stores, LLC*, No. 1:21-cv-00038-JDL, 2022 WL 1202565, at *2 (D. Me. Apr. 22, 2022), *objection filed* (D. Me. May 6, 2022) (expressing similar doubts). Nevertheless, Lantmännen's

3

counsel are not the only lawyers in this District to express surprise at the idea of statutory damages caps being categorized as affirmative defenses, which suggests that *Bell* represented a significant clarification for many practitioners even if it was not the paradigm shift that Lantmännen suggests. *See, e.g.*, ECF No. 66 at 4-5 in *Stevens v. S. Me. Oral & Maxillofacial Surgery, P.A.*, No. 2:20-cv-00325-NT (a defendant's December 2021 motion for leave to amend its answer to assert statutory damages caps based, in part, on the fact that its counsel had only recently been confronted with the argument that the MHRA damages caps might be waived unless pleaded); ECF No. 24 in *Faller v. Two Bridges Reg'l Jail*, No. 2:21-cv-00063-GZS (a defendant's April 2022 motion for leave to amend its answer to assert statutory damages caps based on the fact that its counsel had only recently become aware of the decision in *Bell*); Motion at 3 n.2 (noting that *Bell* was "the source of significant discussion (and surprise from the defense counsel in attendance, because statutory damages caps are not typically asserted as affirmative defenses) during the Maine State Bar Association's 22nd Annual Employment Law Update on April 7, 2022").

  In such circumstances, although it is a relatively close question, I conclude that Lantmännen has shown good cause to grant it leave to amend its answer. I further find that Tucker will not be prejudiced by the amendment because Lantmännen has conceded that it would be subject to the highest MHRA damages cap based on its number of employees, thereby alleviating Tucker's concerns about the need for additional discovery to determine the applicable cap. *See Faller v. Two Bridges*

4

*Reg'l Jail*, No. 2:21-cv-00063-GZS, 2022 WL 1555835, at *1 (D. Me. May 17, 2022) (granting a defendant's motion to amend its answer to assert statutory damages caps "[b]ecause of the recency of the *Bell* decision" and because there would be no discernible prejudice to the plaintiff); *see also Shervin v. Partners Healthcare Sys.*, 804 F.3d 23, 52 (1st Cir. 2015) ("A district court may relax the raise-or-waive rule [for affirmative defenses] when equity so dictates and there is no unfair prejudice to any opposing party."); *Sebunya v. Holder*, 293 F.R.D. 36, 39 (D. Me. 2013) (cautioning against elevating "procedural deadlines . . . over the Court's duty to ensure claims and defenses are heard, to the extent practicable, on the merits").

## IV.  Conclusion

For the foregoing reasons, the motion is **GRANTED**.

### *NOTICE*

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

***Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.***

Dated: May 19, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge