UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RINDA TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00087-JAW |
| | ) | |
| LANTMÄNNEN UNIBAKE USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE UNTIMELY STATEMENT OF ADDITIONAL FACTS**

Plaintiff's counsel failed to timely file a statement of additional material facts because he was undergoing treatment for a recurrence of cancer. The Court concludes that he has demonstrated excusable neglect justifying a motion for late filing and orders the parties to address whether sanctions should be imposed and, if so, the proper amount of the sanctions, and to consult with each other about new deadlines.

## I.    BACKGROUND

On January 15, 2021, Rinda Tucker, a former employee of Lantmännen Unibake USA, Inc. (Lantmännen), filed a civil action in Maine Superior Court for York County against Lantmännen, alleging Lantmännen engaged in gender and age discrimination in violation of Maine law. *Notice of Removal*, Attach 1, *Pl.'s Compl. for Gender and Age Discrimination* (ECF No. 1). On March 29, 2021, Lantmännen removed the case to federal court, asserting diversity-based jurisdiction. *Notice of Removal* (ECF No. 1). The parties proceeded with discovery and after several extensions, discovery lapsed on May 31, 2021. *Order* (ECF No. 29).

On May 4, 2022, more than ten months after the deadline for amendment of pleadings, Lantmännen moved to amend its answer to assert statutory caps under Maine law. *Def.'s Mot. for Leave to Am. its Answer to Pl.'s Compl.* (ECF No. 30). Ms. Tucker objected, *Pl.'s Opp'n to Def.'s Mot. to Am. its Answer to Pl.'s Compl.* (ECF No. 31), and on May 19, 2022, the Magistrate Judge overruled Ms. Tucker's objection and allowed the amended answer. *Mem. Decision and Order on Mot. to Am.* (ECF No. 33).

On June 3, 2022, Lantmännen filed a notice of its intent to file a motion for summary judgment. *Def.'s Notice of Intent to File Mot. for Summ. J. and Req. for Pre-Filing Conf.* (ECF No. 38). The Court issued a procedural order on June 15, 2022, *Procedural Order* (ECF No. 39), and on June 22, 2022, Lantmännen filed its Local Rule 56(h) memorandum. *Def.'s Local Rule 56(h) Mem.* (ECF No. 40). The Court held a Local Rule 56(h) conference by videoconference on July 11, 2022. *Min. Entry* (ECF No. 42).

At the July 11, 2022 Local Rule 56(h) pre-filing conference, the Court set the following deadlines:

1) August 10, 2022: Stipulated Record;

2) September 12, 2022: Lantmännen's motion for summary judgment and statement of material facts;

3) October 12, 2022: Rinda Tucker's responsive memorandum, responses to Lantmännen's statement of material facts, and additional material facts; and

4) October 26, 2022: Lantmännen's reply and response to Ms. Tucker's statement of additional material facts.

*Min. Entry* (ECF No. 42).

Lantmännen filed a Stipulated Record on August 10, 2022, *Index for Jt. R. in Support of Def.'s Mot. for Summ. J.* (ECF No. 44), a supplement on August 16, 2022, *Def.'s Supp. R.* (ECF No. 46), and a second supplement on September 8, 2022. *Index of Def.'s Supp. R. in Support of Def.'s Mot. for Summ. J.* (ECF No. 52) (*Second Supp. R.*). Lantmännen filed its motion for summary judgment and statement of material facts on September 12, 2022. *Def.'s Mot. for Summ. J.* (ECF No. 54) (*Def.'s Mot.*); *Def.'s Local R. 56(b) Supporting Statement of Material Facts* (ECF No. 53) (DSMF).

On October 12, 2022, Ms. Tucker filed additional documents, *Index for Jt. R. in Support of Pl.'s Opp'n to Def.'s Mot. for Summ. J.* (ECF No. 55) (*Def.'s R.*), and her response to Lantmännen's statement of material facts. *Pl.'s Opp'n to Def.'s Statement of Material Facts* (ECF No. 57) (PRDSMF). On October 13, 2022, Ms. Tucker filed her response to Lantmännen's motion for summary judgment. *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.* (ECF No. 60) (*Pl.'s Opp'n*).

On October 26, 2022, Lantmännen filed its reply to Ms. Tucker's opposition. *Def.'s Reply in Support of its Mot. for Summ. J.* (ECF No. 61) (*Def.'s Reply*). The motion became ready for decision.

On April 28, 2023, the Deputy Clerk of Court emailed Attorney Guy Loranger to clarify which of multiple responses to Lantmännen's filings would be deemed operative. As the docket reveals, on October 12, 2022, Attorney Loranger filed two responses to Lantmännen's statement of material facts, *Pl.'s Opp'n to Def.'s Statement of Material Facts* (ECF No. 56); *Pl.'s Opp'n to Def.'s Statement of Material Facts* (ECF

3

No. 57), and three memoranda in response to Lantmännen's memorandum of law, one on October 12, 2022 and two on October 13, 2022. *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.* (ECF No. 58); *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.* (ECF No. 59); *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.* (ECF No. 60). After consulting with Attorney Loranger, the Clerk marked the filings at ECF Numbers 56, 58 and 59 as having been filed in error, making the filings at ECF Number 57 and 60 as the operative filings. *See Pl.'s Opp'n to Def.'s Statement of Material Facts* (ECF No. 56); *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.* (ECF No. 58); *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.* (ECF No. 59) (*Pl.'s Opp'n*).

In reviewing the docket after the Clerk's inquiry, Attorney Loranger noticed that he had failed to file a statement of additional material facts and asked the Clerk whether it would be necessary for him to file a motion for leave to file a statement of material facts. On May 1, 2023, the Court set deadlines for the filing of a motion for leave and any opposition. *Order* (ECF No. 62). On May 3, 2023, Attorney Loranger filed a motion for leave to file a statement of material facts. *Pl.'s Mot. for Leave to File Pl.'s Statement of Material Facts* (ECF No. 63) (*Pl.'s Leave Mot.*). On May 12, 2023, Lantmännen filed its objection. *Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave to File Untimely Statement of Additional Facts* (ECF No. 64) (*Def.'s Leave Opp'n*).

As the Court drafted this order, it noticed that Attorney Loranger had failed to formally file the proposed Statement of Additional Material Facts with the Court. Without the docketed proposed Statement of Additional Material Facts, the Court

had no docketed record to assess whether the Statement of Additional Material Facts would have made a difference in the merits of the motion.  Accordingly, on May 19, 2023, the Court ordered Attorney Loranger to docket the proposed Statement of Additional Material Facts.  *See Order* (ECF No. 65).  Perhaps because of the way the Court phrased the order, Attorney Loranger failed to file the proposed Statement of Additional Material Facts and on May 23, 2023, the Court ordered Attorney Loranger to file the proposed Statement of Additional Material Facts within twenty-four hours.  *Order* (ECF No. 66).  On May 24, 2023, Attorney Loranger filed his proposed Additional Statement of Materials Facts.  *See Pl.'s Statement of Additional Material Facts* (ECF No. 67) (PSAMF).

## II.    FACTUAL BACKGROUND

The backdrop of Ms. Tucker's motion is that Attorney Loranger was diagnosed with cancer, was working parttime, and was actively undergoing chemotherapy treatment when her opposition to the motion for summary judgment was due.  *Pl.'s Leave Mot.* at 1-7; *id.* Attach. 1, *Aff. of Guy D. Loranger* ¶¶ 1-9 (*Loranger Aff.*).  In his affidavit, Attorney Loranger reveals that in April 2022, he had a recurrence of cancer and his treatment plan involved 12 two-week cycles of chemotherapy, covering a total of twenty-four weeks, and radiation.  *Loranger Aff.* ¶ 2.  As of September 12, 2022, when Lantmännen filed its motion and statement of material facts, Mr. Loranger was working part-time and on September 16, 2022, he began his tenth two-week chemotherapy cycle.  *Id.* ¶ 3.  Presumably this cycle ended on September 30, 2022,

and Mr. Loranger states that he and his oncologist decided to pause the last two cycles because both physically and mentally, he needed a break from treatment. *Id.*

Attorney Loranger says he devoted 90% of his professional time to responding to the motion for summary judgment, and he was able to complete it in a timely manner by October 12, 2022, therefore avoiding an extension. *Id.* ¶¶ 3-4. Upon completion, he forwarded the documents, including a 160-paragraph statement of additional material facts, to his assistant for filing on October 12, 2022. *Id.* ¶ 4.

Attorney Loranger states that the filing of the documents "turned out to be quite problematic." *Id.* His law office experienced problems with formatting, which caused them to make multiple filings over a two-day period. *Id.* Attorney Loranger attached an email dated October 13, 2022, from a deputy clerk, informing him that the margins on the documents were off and merging the CM/ECF header with the text, asking him to refile the documents, and to remove two blank pages. *Loranger Aff.,* Attach. 2, *Email string between Att'y Loranger and the Clerk's Office.* Upon receipt, Attorney Loranger referred the deputy clerk's requests to his legal assistant. *Id.* Attorney Loranger also reached out to Attorney Danielle Quinlan of White and Quinlan for assistance with the formatting issue. *Loranger Aff.* ¶ 5.

Attorney Steven Silver, who represents Lantmännen, noticed the multiple filings of the same document, and on October 13, 2022, emailed Attorney Loranger for an explanation. *Id.* Attach. 2, *Email string between Att'y Silver and Att'y Loranger.* Attorney Loranger informed Attorney Silver that they were having problems with formatting. *Id.* Once the formatting issues were resolved, Attorney

Loranger says that they successfully filed the opposition to Lantmännen's statement of facts and the opposing memorandum of law. *Loranger Aff.* ¶ 6. But they "inadvertently neglected to file the last piece — Plaintiff's Statement of Facts." *Id.*

On October 26, 2022, Lantmännen filed its reply to Ms. Tucker's opposition. *Id.* ¶ 7. However, at this point, Attorney Loranger had reengaged in treatment. On October 21, 2022, he had a procedure at Maine Medical Center to insert markers in his liver, on October 24, 2022, he had his pacemaker replaced, on October 26, 2022, he underwent an MRI scan at Maine Medical Center, and on October 27, 2022, he had a radiology appointment to map his upcoming radiation. *Id.*

Attorney Loranger states that he "did not learn of [the] failure to file Plaintiff's Statement of Material Facts until May 1, 2023, when [he] received a message from the Court inquiring about the multiple filings." *Id.* ¶ 8. Attorney Loranger concludes that he "firmly believe[s] that due to [his] medical condition, [he] failed to notice [their] inadvertent failure to file Plaintiff's Statement of Material Facts." *Id.* ¶ 9.

## III.   POSITIONS OF THE PARTIES

### A.   Rinda Tucker's Position

Citing Federal Rule of Civil Procedure 6(b)(1)(B), Ms. Tucker seeks leave to file her statement of additional material facts, claiming excusable neglect. *Pl.'s Leave Mot.* at 1-7. Ms. Tucker says that Rule 6(b) "confers discretion on a court to grant an extension of time after the expiration of a filing deadline for 'excusable neglect.'" *Id.* at 3 (citing *Cordero Soto v. Island Fin.*, 418 F.3d 114, 117 (1st Cir. 2005)). Ms. Tucker quotes the formulation from the United States Supreme Court, namely that a court

should examine "the danger of prejudice to the [other party]," the "length of the delay," its "potential impact on judicial proceedings," the "reason for the delay," including whether it was "within the reasonable control of the movant," and whether the "movant acted in good faith." *Id.* (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Ms. Tucker notes that the First Circuit has described excusable neglect motions as "committed to the district court's sound discretion" and that the analysis is "at bottom an equitable one." *Id.* (quoting *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 100-01 (1st Cir. 2003)).  The First Circuit has written that "[t]he third factor, the reason for the mistake, is . . . 'by far the most critical.'" *Id.* (quoting *Robinson v. Wright*, 460 F. Supp. 2d 178, 181 (D. Me. 2006) (quoting *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005)).  Ms. Tucker analyzes each factor and concludes that she has demonstrated excusable neglect within the meaning of Rule 6(b)(1)(B).  *Id.* at 3-7.

### B.   Lantmännen's Opposition

While expressing sympathy for Attorney's Loranger's medical issues, Lantmännen strenuously objects to the motion for late filing.  *Def.'s Leave Opp'n* at 1-10.  Lantmännen is incredulous that Attorney Loranger was unaware until May 1, 2023 that he had failed to file a statement of additional material facts, because his failure to do so "**was the central argument**" of Lantmännen's reply.  *Id.* at 1 (emphasis in *Def.'s Opp'n*).  Lantmännen contends that the Plaintiff's "claimed ignorance means that neither Guy Loranger . . . nor Danielle Quinlan . . . — attorneys

8

with a combined 41 years of practice — actually read Defendant's Reply." *Id.* Lantmännen points out that the filing of these documents was the subject of emails both from defense counsel and the Clerk's Office and Lantmännen maintains that this must mean neither attorney "scrutinized their own filings." *Id.* Lantmännen analyzes each *Pioneer Investment* factor and concludes that the Court should deny the Plaintiff's motion to file a statement of additional facts. *Id.* at 2-10.

## IV.   DISCUSSION

In 1993, the United States Supreme Court set forth the factors relevant to a trial court's decision on a motion for late filing:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.   These include, as the Court of Appeals found, the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Serv.*, 507 U.S. at 395; *Sheedy v. Bankowski (In re Sheedy)*, 875 F.3d 740, 744 (1st Cir. 2017); *Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 4 (1st Cir. 2014); *Dimmitt*, 407 F.3d at 24.   In *Daniels v. Agin*, 736 F.3d 70, 87 (1st Cir. 2013), the First Circuit observed that a claim of excusable neglect based on inadequate representation "[a]t a minimum . . . would require both incompetent performance that the client could not have forestalled and a showing of likely prejudice."   The Court addresses each factor.

## A.      The Danger of Prejudice

Lantmännen says that it would be prejudiced in three ways: (1) by having to respond to Plaintiff's statement of additional material facts; (2) by having to reassess its strategic decisions and rewrite its reply; and (3) by incurring additional delay. *Def.'s Leave Opp'n* at 5-7.  From the Court's perspective two of these present a proper basis to find prejudice in the way the term is used in *Pioneer*.  The First Circuit addressed this issue in *Pratt v. Philbrook*, 109 F.3d 18 (1st Cir. 1997):

> From our vantage point it is difficult to see what cognizable prejudice, in the sense, for example, of lost evidence, would come to the defendant from reopening the case. Of course, it is always prejudicial for a party to have a case reopened after it has been closed advantageously by an opponent's default. But we do not think that is the sense in which the term "prejudice" is used in *Pioneer*.

*Id.* at 22; *Lashoto v. Commun. Workers of Am.*, No. 08-11213-PBS, 2009 U.S. Dist. LEXIS 143505, *5 (D. Mass. Nov. 6, 2009) ("[T]he prejudice factor generally does not weigh against the moving party when the only negative aspect would be the reopening of a matter the opposing party would rather have closed") (citation omitted).

If Attorney Loranger had filed the statement of additional facts on October 12-13, 2022, Lantmännen would have been compelled to prepare then the responses it will prepare now, and therefore the Court does not agree with Lantmännen that its expenditure of time and money now is the type of prejudice *Pioneer* had in mind.  The Court will discuss the third factor, delay, in the next section.

There is one major prejudicial aspect of this situation to Lantmännen.  It prepared and filed a reply to Ms. Tucker's response that focused on her failure to file

10

a statement of additional facts. With the late filing of the statement of additional

facts, Lantmänen's reply will become a nullity.

A second potential aspect of prejudice is that Lantmännen prepared and filed

an opposition to Ms. Tucker's motion for leave to file. Had Ms. Tucker complied with

the deadlines and filed then the statement of additional material facts she wishes to

file now, Lantmännen would not have prepared and filed its opposition to the late

filing.

As the Court discusses later, the Court suggests that it may remedy the first

prejudice by the imposition of sanctions but not the second. Lantmännen has

identified no other prejudice that fits within the *Pioneer* view of the term.

### B.    Length of Delay

Lantmännen points to the delay of seven months as a reason the Court should

deny the motion for leave. *Def.'s Leave Opp'n* at 6-7. The Court does not agree that

this is the relevant period. Once the motion was ready for decision on October 26,

2022, the delay from October 26, 2022 to late April, 2023 rested solely with the Court,

not with Attorney Loranger. The applicable period of delay is from May 1, 2023, when

the Court ordered Attorney Loranger to respond to his failure to file a statement of

additional material facts, until the date of this decision, and a second period from now

until the matter is resubmitted for decision. The disposition of the motion for leave

to file has taken roughly three weeks and with this decision, the parties will be

required to prepare and make new filings. Although the Court is leaving it to the

parties to suggest when those filings will be due, the period should not exceed about

11

another six weeks at most, and both Attorney Loranger and Lantmännen could mitigate this delay through early filings.

The Court considered this length of delay, at most nine weeks, in its *Pioneer* analysis as a factor somewhat against Ms. Tucker's motion. *See Arnold v. PNC Bank*, 2:20-cv-1804, 2022 U.S. Dist. LEXIS 113730, at *17-18 (S.D. Ohio June 27, 2022) (six-month delay in filing answer is significant but impact on judicial proceedings is negligible); *Mesa v. Unocal Corp.* No. 01-3438 Section "K"(2), 2003 U.S. Dist. LEXIS 3355, at *11 (E.D. La. Mar. 5, 2003) (seven-month delay not severely disadvantageous).

### C.     Potential Impact on Judicial Proceedings

Other than the delay the Court just identified, the Court is aware of no other impact on judicial proceedings, since discovery is over and all that remains is the resolution of this motion and the dispositive motion before trial.

### D.     Reason for Delay

The "reason for the delay is the most important of the *Pioneer* factors." *Sheedy*, 875 F.3d at 744.  Here, the reason for the delay — Attorney Loranger's recurrence of cancer and his need for intensive treatment in October 2022 — is facially valid and fits within the concept of excusable neglect.  Based on Attorney Loranger's affidavit, the Court notes that he recognized that his recurrent cancer and treatment would require him to pull back from his legal practice and he states that he transferred several cases to Attorney Danielle Quinlan.  *Loranger Aff.* ¶ 2.  However, he decided to keep Ms. Tucker's case because discovery was complete.  *Id.*

12

In September and October 2022, Attorney Loranger says that he devoted 90% of his professional time to the Tucker case. *Id.* ¶ 3. The Court gleans from his affidavit that Attorney Loranger's retention of the Tucker case represented an overly optimistic view of the toll his cancer treatment was going to have on him. Attorney Loranger reveals that in mid-September, he and his oncologist decided to suspend treatment, and Attorney Loranger states that he was exhausted at the completion of the Tucker opposition. *Id.* ¶¶ 3-4. Attorney Loranger's excuse is much more compelling than mere "inattention or carelessness," which typically does not constitute excusable neglect. *See Robinson v. Wright*, 460 F. Supp. 2d 178, 181 (D. Me. 2006) (quoting *Dimmitt*, 407 F.3d at 24). As the district judge wrote in *Jones v. Maine Cat Catamarans, Inc.*, 2:20-cv-161-DBH, 2021 U.S. Dist. LEXIS 221049 (D. Me. Nov. 16, 2021), "[l]awyers are human beings; they make mistakes and omissions that can amount to neglect of their professional responsibilities. But that does not make all such neglect 'excusable.' Something more is required." *Id.* at *3. Here, cancer and cancer treatment meet the requirement for "[s]omething more." *Id.*

There is the question of why Attorney Loranger did not realize before late April 2023 that he had failed to file the statement of additional facts. Although Attorney Loranger does not provide a direct explanation, tracking his treatment dates and the filing date of Lantmännen's reply, the Court surmises either that Attorney Loranger did not read Lantmännen's reply or, if he did read it, he did not do so carefully enough or fully comprehend what it said. In any case, based on his affidavit, the Court infers that his neglect was likely due to an incapacity or distraction caused by his recurrent

13

cancer or his treatment. Once Attorney Loranger failed to read or comprehend Lantmännen's reply in October, there would have been no reason for him to revisit the reply, since the parties submitted the case for decision without a request for oral argument.

Attorney Quinlan's role is not well explained. She entered her appearance on behalf of Ms. Tucker on May 25, 2022, purporting to be for the limited purpose of covering a May 25, 2022 deposition for Attorney Loranger. *Notice of Appearance* (ECF No. 37). Then, according to Attorney Loranger, his office contacted Attorney Quinlan in October 2022 when they had trouble formatting their filings and she assisted them with that task. By local rule, however, the United States District Court for the District of Maine does not recognize limited appearances in civil matters. Loc. R. D. Me. 83.2 ("No appearance shall be allowed purporting to limit the attorney's representation to less than all issues and proceedings"). Attorney Quinlan was likely under the misimpression that her limited appearance was effective, and there is no indication that she reviewed the filings to assess whether Attorney Loranger filed the statement of additional material facts.

### E.    Good Faith

There is no reason to question Attorney Loranger's good faith and the Court is not convinced by Lantmännen's suggestions to the contrary.

### F.    Relevance of Plaintiff's Statement of Additional Facts

In its opposition, Lantmännen makes the point that Attorney Loranger's opposition memorandum failed to cite the statements of material fact. *Def.'s Leave*

*Opp'n* at 10.   Lantmännen writes that "if Plaintiff is not even going to rely on her statement of facts, permitting the untimely filing imposes significant costs, burdens, and expenses on Lantmännen while providing little relevance to Plaintiff's summary judgment opposition." *Id.*

The Court disagrees.   First, it is not uncommon for Attorney Loranger not to cite the record while reciting statements of fact.   *See Verrier v. Bluetriton*, 20-cv-00443-JAW, *Pl.s Mem. of Law in Support of Pl.'s Opp'n to Def.'s Mot. for Summ. J.* at 2-11 (ECF No. 83) (memorandum's statement of facts contains no citations to the record); *Lennan v. Healthcare Serv. Grp., Inc.*, 2:20-cv-00057-GZS, *Pl.'s Resp. to Mot. for Summ. J.* at 3-9 (ECF No. 32) (same); *Bachelder v. MjjM Enterprises, Inc.*, 2:17-cv-00454-JAW, *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.* at 2-5 (ECF No. 34) (memorandum contains only general citations to the record at the end of each paragraph).   This is not, in the Court's view, the best or most effective practice, but it has been Attorney Loranger's practice in other cases.

Second, when the Court compared Attorney Loranger's statement of additional material facts to his recitation of the facts in his memorandum, it is clear, despite the lack of pinpoint citation, that Attorney Loranger's recitation of the facts assumed that the unfiled statement of additional facts had been filed.   *Compare Pl.'s Opp'n* at 1-21, *with* PSAMF ¶¶ 1-162.

### G.    Effective Default

Among the factors the Court considered is the impact on the dispositive motion if it denies Ms. Tucker's motion for leave.   The Court scrutinized the filings on the

15

dispositive motion as they currently stand.  In its motion and statement of material facts, Lantmännen logically presented only its side of the facts and Ms. Tucker's responsive admissions, qualifications, and denials did not generate any genuine issues of material fact that would effectively defend against Lantmännen's motion for summary judgment, simply because Lantmännen understandably did not posit facts that might have defeated its motion.  It is only in Ms. Tucker's unfiled statement of additional material facts that the essential allegations in her Complaint would be placed before the Court.  Thus, if the Court denied Ms. Tucker's motion, it would have the practical effect of a default judgment.

Because "federal law favors the disposition of cases on the merits," default judgment is generally disfavored and is considered a "drastic" sanction to be used only in "extreme" situations.  *Stewart v. Astrue*, 552 F.3d 26, 28 (1st Cir. 2009) (quoting *Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir. 1977); *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37-38 (1st Cir. 2012); *Red Wolf Energy Trading, LLC v. BIA Cap. Mgmt., LLC*, No. 19-10119-MLW, 2022 U.S. Dist. LEXIS 162470, at *53-54 (D. Mass, Sept. 8, 2022).  "Such severe sanctions are typically warranted only if there are multiple instances of misconduct."  *Red Wolf*, 2022 U.S. Dist. LEXIS 162470, at *54 (citing *Companion Health Servs., Inc. v. Kurtz*, 675 F.3d 75, 85 (1st Cir. 2012); *Hooper-Haas*, 690 F.3d at 38).  Moreover, imposing a default without first imposing lesser sanctions is usually warranted only when "the relevant court orders are clear and the party has been properly warned of the risk of sanctions."  *Id.*  Here,

there is no suggestion in this record that Attorney Loranger engaged in multiple instances of neglect or that the Court previously warned him against such conduct.

### H.   Summary

Based on the record, the Court concludes that Attorney Loranger has made out a case for excusable neglect so that the Court will grant his motion for leave to file statement of additional material facts.

### I.   Sanction

Federal Rule of Civil Procedure 16(f)(1)(C) states that a district court may issue sanctions against a party or attorney who "fails to obey a scheduling order or other pretrial order."   Here, this Court's July 11, 2022 order was clear; it required Lantmännen to file its motion for summary judgment by September 12, 2022, Ms. Tucker to file her responses by October 12, 2022, and Lantmännen to file its reply by October 26, 2022.   *Order* (ECF No. 42).   Lantmännen fully complied with these deadlines; Ms. Tucker did not.   Even though Attorney Loranger's omission was not repetitive conduct, because he failed to fully comply with the Court's deadline, Lantmännen's counsel prepared and filed a useless reply, addressing Attorney Loranger's failure, not the merits of the motion.

In addition, Attorney Loranger's omission resulted in Lantmännen's counsel preparing and filing an opposition to Attorney Loranger's motion for leave to file.   The Court views this second activity as not being a proper basis for additional sanctions. This is because Lantmännen was not required to oppose Ms. Tucker's motion for leave and could have acceded to her request, and furthermore, for the reasons the Court

17

has described here, the Court is granting Attorney Loranger's motion for leave to file, and it would be unusual for a court to sanction a winning party for the attorney's fees and costs of the loser.

The Court has the authority to impose sanctions sua sponte. *See Korinko v. Wells Fargo Home Mortg.*, No. 1:18-cv-12632, 2021 U.S. Dist. LEXIS 102009, at *3 (D. Mass Feb. 22, 2021); FED. R. CIV. P. 16(f)(1) (a court may impose sanctions "o]n motion or on its own"). However, neither party addressed the imposition of sanctions in their filings and to allow the parties to weigh in, the Court sets a deadline of two weeks for the parties to consult and file additional memoranda related to whether the Court should impose a sanction and, if so, how much. Of course, the parties could decide to resolve this issue by agreement.

At this point, to alert the parties and focus their argument, the Court is considering imposing a sanction against Attorney Loranger, not his client, in the amount of the attorney's fees and costs incurred by Lantmännen in preparing and filing its reply to Ms. Tucker's opposition to its motion for summary judgment. If the parties cannot agree on the amount of such fees and costs, the Court orders Lantmännen to submit an itemization of the attorney's fees and costs it contends it expended to prepare and file its reply dated October 26, 2022 with a memorandum explaining why it contends a sanction should be imposed, and Ms. Tucker should file her opposition within two weeks of the date of this order.

### J.     Further Proceedings

While counsel are discussing the sanctions issue, the Court orders them to consult with each other and agree, if possible, to the completion of the motion for summary judgment.  The Court is granting the motion for leave, which means that the statement of additional material facts will be deemed filed as of the date of this order.  Attorney Loranger may (or may not) wish to file an amended response to Lantmännen's motion for summary judgment, and Lantmännen most certainly will wish to file a new reply and to reply to Ms. Tucker's statement of additional material facts.  The Court will leave it to the parties to see if they can present a new briefing schedule to the Court.  If the parties cannot agree, they should file their respective positions on the new deadlines within two weeks of the date of this order, and the Court will set new deadlines.

## V.     CONCLUSION

The Court GRANTS Rinda Tucker's Motion for Leave to File Plaintiff's Statement of Material Facts (ECF No. 63).  The Court ORDERS counsel to respond to the sanctions and deadline issues within two weeks of the date of this order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2023

19